UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHIL CHASE,

    Plaintiff,                              CASE NO.:

v.

CITY OF ORLANDO,

    Defendant.
_____/

## COMPLAINT

Plaintiff, PHIL CHASE ("Plaintiff" or "Mr. CHASE"), by and through undersigned counsel, hereby sues Defendant, CITY OF ORLANDO d/b/a CITY OF ORLANDO FIRE DEPARTMENT, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought under the Americans with Disabilities Act of 1990 ("ADA") and the Americans with Disabilities Act Amendments of 2008 ("ADAAA").

2. This is an action for damages that exceed $75,000.00, the minimum jurisdictional limits of this court, exclusive of interest and costs, and Plaintiff demands a trial by jury accordingly.

## PARTIES

3. At all times pertinent hereto, Plaintiff, PHIL CHASE, has been a resident of the State of Florida and was employed by Defendant.

4. At all times pertinent hereto Defendant, CITY OF ORLANDO, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5. Venue is proper because Defendant, CITY OF ORLANDO, is located in the Middle District of Florida and the actions giving rise to this lawsuit occurred in that district.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action in that he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), and Plaintiff received a Notice of Right to Sue on January 11, 2024.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff, Phil Chase, was employed by Defendant with the Orlando Fire Department for over 17 years.

8. Mr. Chase initially was hired as a Firefighter/Paramedic. Later, in May 2019, he was promoted to the rank of Fire Engineer.

9. Mr. Chase primarily spent his years with Defendant as an Engineer on rescue units.

10. Due to the longevity in those units, the nature of that work, and the impact it was having on his mental health, Mr. Chase had been requesting to be removed from rescue assignments.

11. In December 2020, Mr. Chase sought medical treatment after a series of medical emergencies and was diagnosed with post-traumatic stress disorder ("PTSD"), severe depression, and anxiety.

12. This occurred after a particularly tragic rescue attempt, while working Rescue 15, involving the death of a 16 year-old girl. This incident deeply impacted Mr. Chase. He couldn't sleep, he began having nightmares, had trouble concentrating, was overwhelmed with depression, anxiety, and fear.

13. Rather than provide support for Mr. Chase or engage with him to determine if an accommodation was needed, Defendant mocked and harassed him.

14. On or about May 12, 2022, Mr. Chase provided medical documentation to then-District Chief Walter Lewis, requesting to be removed from rescue due to the PTSD exacerbation that those assignments caused. This was denied.

15. On or about May 18, 2022, Mr. Chase sends a complaint to his chain of command about discrimination and Defendant's failure to accommodate him.

16. Specifically, Mr. Chase reported that there were multiple conversations that he was subjected to where Defendant, or its agents, would demean people with PTSD calling them "weak", "pension stealers", or "bullshitters", among other names.

17. On May 19, 2022, Mr. Chase requested, through Health and Safety, to be placed on No Duty status due to his PTSD, to begin on May 23, 2022. Rather than place him on no duty status, Defendant put Mr. Chase on FMLA leave through July 5, 2022.

18. While out on leave, Mr. Chase requested that he be placed on restricted duty, which is essentially light duty and an accommodation that he be allowed to work four 10-hour days.

19. When Mr. Chase returned from FMLA leave in July 2022, he was placed on restricted/light duty status and was permitted to work four 10-hour days.

20. Again, in February 2023, Mr. Chase sends a letter about harassment and discrimination he was experiencing.

21. On April 4, 2023, then counsel for Mr. Chase sent a letter to Defendant regarding the unlawful actions that Mr. Chase was being subjected to.

22. On April 17, 2023, Mr. Chase dual filed a charge of discrimination with the EEOC and FCHR.

23. On May 23, 2023, Defendant told Mr. Chase that he had to return to full duty or he would be terminated.

24. On June 1, 2023, Defendant sent Mr. Chase a Termination Memo.

25. A termination meeting was held with Mr. Chase and Ian Davis, Executive Deputy Chief, on June 29, 2023. At this meeting, Mr. Chase told

Mr. Davis that he needed an accommodation in order to perform the essential functions of his job. Mr. Davis said "not for you today."

26. Mr. Chase was terminated on June 29, 2023.

27. Plaintiff hired the undersigned to represent his interests in this action and Defendant should be made to pay Plaintiff's attorney's fees and costs.

## COUNT I
## DISABILITY DISCRIMINATION
## ADA/ADAAA 42 U.S.C. §§ 12101 et seq.

28. Paragraphs 1-27 are hereby re-alleged and reincorporated as if set forth in full herein.

29. This is an action against Defendant for disability discrimination brought under the Americans with Disabilities Act of 1990 ("ADA") and the Americans with Disabilities Act Amendments of 2008 ("ADAAA").

30. Plaintiff has a known disability that required a reasonable accommodation.

31. Defendant knew of Plaintiff's need for a reasonable accommodation.

32. Despite this knowledge, Defendant failed to provide Plaintiff with a reasonable accommodation in violation of Plaintiff's federally protected rights and then terminated Plaintiff's employment.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, mental pain and suffering, along with lost back pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT II
## RETALIATION- ADA/ADAAA

34. Paragraphs 1-27 are hereby re-alleged and reincorporated as if set forth in full herein.

35. Defendant is an employer as that term is used under the applicable statutes referenced above.

36. Plaintiff reported unlawful employment practices that adversely affected him under the Americans with Disabilities Act and the Americans with Disabilities Act as Amended.

37. As a direct and proximate result of Plaintiff's protected complaints, Defendant retaliated against Plaintiff by terminating his employment.

38. The actions of Defendant were purposeful.

39. As a result of Defendant's conduct described herein, Plaintiff has suffered damages including back pay, mental anguish, emotional distress, embarrassment, and other tangible and intangible damages. These damages have occurred in the past, are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

a. that process issue and this Court take jurisdiction over this case;

b. that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

c. that this Court enter judgment against Defendant and for Plaintiff awarding all legally available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

d. that this Court enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

e.  that this Court enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

f.  award Plaintiff interest and equitable relief; and

g.  that this Court grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 2nd day of April 2024.

/s/ Tiffany R. Cruz
Tiffany R. Cruz
Florida Bar No.: 090986
Tiffany@tiffanycruzlaw.com
Kevin Kostelnik
Florida Bar No.: 0118763
Kevin@tiffanycruzlaw.com
Kera@tiffanycruzlaw.com
Parker@tiffanycruzlaw.com


**Cruz Law Firm, P.A.**
411 N. Calhoun St.
Tallahassee, FL 32301
Telephone: 850-701-8838

*Attorneys for Plaintiff*